# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

ELLISSA WILLIS,                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )          No. 1:18-CV-142
                                       )
CHRISTOPHER PHILLIPS,                  )
                                       )
            Defendant.                 )

## MEMORANDUM OPINION

This civil action is before the Court on Plaintiff's "Motion to Strike Affirmative Defenses" [Doc. 17]. Defendant has not filed a response, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons that follow, the Court will grant in part, and deny in part, Plaintiff's motion.

## I.      Background

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff moves to strike six of Defendant Phillips's affirmative defenses. [Doc. 17]. In the alternative, Plaintiff requests a more definite statement, pursuant to Rule 12(e), as to each of the six affirmative defenses. [*Id.* at 4].

First, Plaintiff moves to strike Defendant's first affirmative defense, in which Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted pursuant to Rule 12 of the Federal Rules of Civil Procedure. [Doc. 15 at 8; Doc. 17 at 4].

Plaintiff submits that the defense, as pled, is a conclusory allegation, and is insufficiently pled because it fails to provide sufficient facts. [Doc. 17 at 4].

Second, Plaintiff moves to strike Defendant's second, third, fourth and fifth defenses, which Plaintiff lumps together. [*Id*. at 4-5]. Defendant's second defense alleges that Plaintiff's alleged injuries "were proximately caused by a pre-existing condition or injury and/or by actions of others or events separate, distinct, unrelated and remote to any action or inaction of this Defendant[.]" [Doc. 15 at 8]. Defendant's third defense alleges that Plaintiff failed to exercise ordinary care and prudence for her own personal safety, which was the sole proximate cause of her injuries. [*Id*. at 9]. Defendant's fourth defense states that Plaintiff's injuries "were solely and proximately caused by the acts or omissions of others[.]" [*Id*.]. Defendant's fifth defense states that Plaintiff failed to state a cause of action upon which punitive damages may be granted. [*Id*.]. As to these defenses, Plaintiff states that Defendant has failed to plead with specificity the name or description of the person or entity allegedly at fault, or any facts that could constitute negligence on behalf of such person. [Doc. 17 at 5]. Thus, Plaintiff asserts that Defendant's second, third, fourth, and fifth defenses consists merely of "conclusory allegations." [*Id*. at 6].

Third, Plaintiff moves to strike Defendant's fourteenth defense, in which Defendant states that he reserves the right to move for permission to amend his answer and assert additional or more specific affirmative defenses, based on further investigation and discovery. [*Id*.]. Plaintiff asserts that this is an improper conclusory allegation, and if Defendant has facts regarding additional affirmative defenses, those defenses should be specifically pled. [*Id*.].

## II. Standard of Review

### A. Striking a Pleading

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The decision to strike an affirmative defense is solely discretionary. *ConcoPhillips, Co. v. Shaffer*, No. 3:05-cv-7131, 2005 WL 2280393, at *2 (N.D. Ohio Sept. 19, 2005). The Sixth Circuit has held that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (internal citations omitted); *see also Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (stating that the function of a motion to strike is to "avoid the expenditure of time and money [arising] from litigating spurious issues by dispensing with them early in the case" (internal quotation marks omitted)). The Sixth Circuit has also stated that "[a] motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822. In other words, a motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances'" *S.E.C. v. Thorn*, No. 2:01-cv-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30, 2002) (internal quotation marks omitted).

### B. More Definite Statement

Federal Rule of Civil Procedure 12(e) permits a court, on a party's motion, to order "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 7(a) states that a reply to an answer is allowed "if the court orders one." Fed. R. Civ. P. 7(a). This Court will construe an answer as a "pleading to which a responsive pleading is allowed" for purposes of Rule 12(e). *See Exclusively Cats Veterinary Hosp., P.C. v. Pharmaceutical Credit Corp.*, No. 13-cv-14376, 2014 WL 4715532, at *1 (E.D. Mich. Sept. 22, 2014) (holding the same). The granting of a motion for a more definite statement is generally disfavored by district courts, given the liberal notice pleading standards of federal civil procedure and the accompanying nature of pretrial discovery. *Watson v. Westgate Resorts*, No. 3:08-cv-516, 2009 WL 902313, at *1 (E.D. Tenn. Mar. 31, 2009); *see also Fed. Ins. Co v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007) ("Federal courts generally disfavor motions for more definite statements. In view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions."). A more definite statement is only warranted in extreme circumstances where the complaint is unintelligible, not simply because a party seeks greater detail or finds the allegations in a pleading inherently contradictory. *Watson*, 2009 WL 902313, at *1.

### III.    Analysis

*Twombly*[1] and *Iqbal*[2] modified the pleading requirements for complaints by creating a plausibility standard.  *Sewell v. Allied Interstate, Inc.*, No. 3:10-cv-113, 2011 WL 32209, at *6 (E.D. Tenn. Jan. 5, 2011).  However, the Supreme Court did not state in *Twombly* or *Iqbal*, or any case since, that this heightened pleading standard applies to defenses, and the Sixth Circuit has not expanded *Twombly* and *Iqbal* to apply to defenses.  *Id*.  District courts across the country are split on whether the *Twombly* and *Iqbal* heightened pleading standard applies to affirmative defenses.  *Id*.  (collecting cases).

Under the current Sixth Circuit approach, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense."  *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006) (internal quotation marks omitted).  In *Lawrence*, which involved a § 1983 civil rights action, the Sixth Circuit held that it was sufficient for the defendants to plead that they were "entitled to qualified immunity for all activities complained of in this complaint."  *Id*.  The Sixth Circuit has also held, post-*Twombly*, that a defendant sufficiently pleaded a statute-of-repose defense when its answer stated that "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose."  *Montgomery v. Wyeth*, 580 F.3d 455, 467 (6th Cir. 2009).

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Because *Twombly* and *Iqbal* do not expressly apply to defenses, and because the Sixth Circuit has not expanded the heightened pleading standard to affirmative defenses, this Court declines to do so.  Accordingly, this Court will address whether each of the challenged defenses are sufficient to provide Plaintiff with fair notice of the nature of the defense.

## A.  Failure to State a Claim

"Every defense," including "failure to state a claim upon which relief can be granted," "must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b).  Failure to state a claim upon which relief can be granted may be raised in any pleading allowed under Rule 7(a), including an answer to a complaint. Fed. R. Civ. P. 12(h)(2)(A); *see also Sony/ATV Music Pub. LLC v. D.J. Miller Music Distribs., Inc.*, No. 3:09-cv-1098, 2011 WL 4729807, at *5 (M.D. Tenn. Oct. 7, 2011) (stating that courts in the Sixth Circuit have accepted "failure to state a claim" as an affirmative defense).  Accordingly, Defendant's affirmative defenses 1 and 5,[3] which assert that Plaintiff has failed to state a claim and has failed to state a cause of action entitling her to punitive damages, respectively, are not immaterial conclusory allegations, and sufficiently inform Plaintiff of the nature of the defenses.  Moreover, there are no extreme circumstances regarding these defenses such that a more definite statement is necessary.

---

[3] This Court notes that Plaintiff lumped affirmative defense five with defenses two, three, and four in her motion, arguing that Defendant failed to properly identify third parties allegedly at fault for Plaintiff's injuries.  This Court addresses affirmative defense five here because it is unclear how Plaintiff's argument regarding unidentified non-party tortfeasors is relevant to the defense of failure to state a cause of action for punitive damages.

The Court will deny Plaintiff's motions to strike and for a more definite statement as to Defendant's first and fifth affirmative defenses.

**B. Unidentified Non-Party Tortfeasor**

In *Brown v. Wal-Mart Discount Cities*, the Tennessee Supreme Court held that "unless the nonparty is identified sufficiently to allow the plaintiff to plead and serve process on such [a] person . . . the trial court should not permit the attribution of fault to the nonparty." 12 S.W.3d 785, 788 (Tenn. 2000). The *Brown* rule "should be viewed as a shield that can be used by a plaintiff to ward off a defendant's attempt to avoid the imposition of fault upon itself by assigning fault to one who, because of its phantom status, cannot be cast in judgment." *Breeding v. Edwards*, 62 S.W.3d 170, 174 (Tenn. Ct. App. 2001). Thus, to the extent that Defendant's answer does not sufficiently identify the nonparties upon which Defendant seeks to impose fault, the Court finds Plaintiff's motion to strike well taken in light of this rule. *See Welch v. FFE Transp. Services, Inc.*, No. 3:13-cv-336, 2015 WL 3795917, at *4 (E.D. Tenn. June 18, 2015) (granting motion to strike the defendant's affirmative defenses alleging fault on the part of unidentified non-parties); *Debakker v. Hanger Prosthetics & Orthotics East, Inc.*, No. 3:08-cv-11, 2009 WL 3241739, at *2-3 (E.D. Tenn. Sept. 30, 2009) (same). Accordingly, this Court will grant the Plaintiff's motion to strike as to the second portion of the second defense, as it relates to the "actions of others," and the entirety of the fourth defense.

On the other hand, this Court declines to strike the first portion of the second defense, which relates to a pre-existing condition, and the third defense, which relates to Plaintiff's failure to exercise ordinary care for her own safety. The only argument that

Plaintiff raises with regard to these affirmative defenses is that Defendant failed to identify the individuals responsible for other acts. However, such an argument is not applicable to these defenses. Defendant's allegation in his second affirmative defense, that Plaintiff's injuries were caused by a pre-existing condition, rather than the actions of Defendant, do not assert any third-party liability, and thus, Plaintiff's arguments are inapplicable to this defense. Additionally, in his third affirmative defense, Defendant has identified the party whose acts or omissions he alleges contributed to Plaintiff's injuries, namely, those of Plaintiff herself. Thus, this Court finds that Plaintiff has not stated any valid ground to strike, or require a more definite statement of, the first portion of the second defense or any portion of the third defense, and this Court will deny Plaintiff's motion as to those defenses.

### C. Reservation of Right to Assert Additional Defenses

A defendant may amend his answer as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(A). Otherwise, a defendant may amend his answer only with the consent of the opposing party or with the court's leave. Fed. R. Civ. P. 15(a)(2). This Court will decline to strike affirmative defense 14, in which Defendant purports to reserve the right to assert additional defenses after investigation. Defendant will be constrained by the limits of Rule 15, and the Court's scheduling order, and he cannot bestow upon himself any greater rights by setting forth the assertions contained in affirmative defense 14. Other courts have likewise declined to strike such reservations. *See, e.g.*, *Sony/ATV Music Pub. LLC*, 2011 WL 4729807, *5 ("Because Defendant retains the right to amend its Answer under Rule 15(a), and because district courts have found that a reservation of this right via an affirmative defense is appropriate, the Court denies Plaintiff's motion to strike[.]");

*Bartram, LLC v. Landmark American Ins. Co.*, No. 1:10-cv-28, 2010 WL 4736830, *7 (N.D. Fla. Nov. 16, 2010) ("Although the language of the reservation is imprecise, the Court denies Plaintiff's motion to strike the reservation of right to add affirmative defenses because Defendant does retain the right to seek leave of Court to amend Defendant's pleading"); *Centex Homes v. Mr. Stucco, Inc.*, No. 8:07-cv-365, 2008 WL 793587, *2 (M.D. Fla. Mar. 25, 2008) ("Defendant's motion to strike the reservation is unnecessary and serves only to waste this Court's limited resources"). Accordingly, this Court will deny the motions to strike and for a more definite statement on this ground.

## IV.   Conclusion

For the reasons stated above, the Plaintiff's motion to strike will be granted as to the second portion of the second defense, relating to the "actions of others," and the entirety of the fourth defense, but will be denied as to the remaining defenses. Likewise, Plaintiff's request for a more definite statement is denied. An order consistent with this opinion will be entered.

     s/ Thomas W. Phillips
SENIOR UNITED STATES DISTRICT JUDGE